FIDELITY & DEPOSIT COMPANY OF MARYLAND V. THE
GUTHRIE NATIONAL BANK.

*          (Filed September 6, 1906.)

**INDEMNITY COMPANY—Representations, What are.** Where the
president of a bank applies to a bonding company to make a
bond indemnifying the bank against defalcations by one of its
employes, and such 'bank president answers certain questions
in writing at the request of the bonding company regarding the
former conduct of such employe, such questions and answers
will ordinarily be construed to be representations and not war-
ranties; but such answers must be given in good faith, as any
material false representations will relieve the bonding company
from liability.

(Syllabus by the Court.)

*Error from the District Court of Logan County; before
John H. Burford, Trial Judge.*

Opinion of the court by

BURWELL, J.: This is the second time that this case has
reached this court. On the original trial in the district court
judgment was rendered in favor of the surety company. On
appeal the judgment was reversed and a new trial granted.
*Guthrie National Bank v. Fidelity Deposit Company,* 14
Okla. 636.

On the second trial judgment was given in favor of the
Guthrie National Bank for $4,186.96 and the surety company
again appeals to this court.

We have read the brief of the respective parties, and are familiar with the record. The judgment of the lower court should be upheld. This court in its former opinion decided that the questions and answers embraced in the application for an indemnity bond for W. T. Phillips, a clerk  in the bank, were mere representations and not absolute warranties, and the Phillips having embezzled the funds of the bank the surety company was liable.

The facts are that Phillips was short with the bank at the time the application was made by J. W. McNeal, the president of the bank, to the surety company for bond for him, and the answers given by McNeal were to the effect that Phillips had kept his accounts correctly and made proper settlements for all cash and securities entrusted to his care; that his books and accounts were last inspected and examined on November 15, 1899, and were at that time in every respect correct, and proper securities on hand to balance. Mr. McNeal believed the statements to be true when he made them, but the truth was that Phillips had not kept his accounts correctly, and he did not have on hand the proper securities with which to make settlements.  It is insisted that good faith on the part of McNeal was immaterial, and that because these answers were incorrect the bank cannot recover.  This question was necessarily involved in the other decision.

In a case of this kind when statements are made in answer to questions propounded by a security company, and they fall within the class known as representations, absolute correctness is not required in every instance.  If it were, they would be warranties and not representations.

In the case of *Rice, et al. v. Fidelity Deposit Company, of Maryland,* 103 Fed. 430, the circuit court of appeals for

the eighth circuit, in which participated Justices Caldwell, Sanborn and Thayer, said:

"In insurance a representation is a statement by the applicant to the insurer regarding a fact material to the proposed insurance, and it must be not only false, but fraudulent, to defeat the policy."

And again on page 432 of the same opinion appears the following language:

"The crucial distinction between a representation and a warranty is that the one is not, and the other is, a part of the contract between the parties, and that the truth of the one is not, and the truth of the other is, a condition precedent to a recovery upon the policy or bond to which they relate."

See also *Moulor v. Am. Life Ins. Co.,* 111 C. S. 336. This case is squarely in point.

In answering the questions propounded by the surety company to McNeal he was bound to answer them in good faith, and the company had a right to rely upon his knowing all of those facts which in his position and relations with the bank and Phillips, a proper discharge of his own duties would have reasonably discovered.

The questions were asked McNeal because of the position he held and the opportunities he had for observing Phillips. The record of the bank had been checked over, and every reasonable precaution taken to discover any errors in the bank books. Nothing had occurred to arouse the bank's suspicions. McNeal believed Phillips to be honest, and while the shortage might have been discovered by an investigation made in a particular manner, in all of the circumstances of this case such unusual investigation could hardly have been expected.

We concede that the answers to all of the questions were not literally correct, but the surety company was seeking to find out what Phillip's employer knew about him, and did not intend to make the bank warrant the absolute truthfulness of such answers.

It is unnecessary to discuss at length every question in the case. If the view of appellant had been adopted, we could not have rendered our former opinion. If we now adhere to our former opinion this judgment should be affirmed, at the cost of appellant. It is so ordered.

Burford, C. J., who presided in the court below, not sitting; all the other Justices concurring.