CAPITAL FIRE INSURANCE COMPANY *v.* KING.

Opinion delivered April 22, 1907.

INSURANCE—WARRANTY—BREACH.—Where an application for a fire insurance policy on a building, made an express warranty by its terms, stated that the house sought to be insured cost $2,000, when in fact it cost only $1,700, the warranty is broken and the policy rendered void, as Kirby's Digest, § 4375a, providing that a "substantial" compliance with such warranty shall be sufficient, applies only to policies on personal property.

Appeal from Hempstead Court; *Joel D. Conway,* Judge; reversed.

*C. S. Collins,* for appellant.

*W. S. Eakin,* for appellee.

BATTLE, J. This appeal was taken by the Capital Fire Insurance Company to reverse a judgment recovered against it by J. C. King in the Hempstead Circuit Court on a policy of insurance against fire.

On the 4th day of September, 1905, appellant insured appellee for the term of three years, for an amount not exceeding twelve hundred dollars, against all direct loss or damage by fire to a certain dwelling house described in the policy.

An application for the policy contained the following stipulations: "I (appellee) warrant the foregoing application to contain a full and true description and statement of the conditions, situation, value and occupation and title of the property proposed to be insured in the Capital Fire Insurance Company; and I warrant the answer to each of the foregoing questions to be true, full and complete and correct, and the same shall be a part of my policy of insurance in said company; and it is hereby expressly understood and agreed that this company shall not be held liable for any loss or damage until the application is approved by the home office, in Little Rock, Arkansas."

The policy contained, among other things, the following clauses:

"Special reference is had to the insured's application, which is his warranty, and is the basis upon which this policy is issued, and is made a part of the contract."

"This entire policy shall be void if the insured has concealed or misrepresented, in writing or otherwise, any material fact or circumstance concerning the insurance or the subject thereof; or if the interest of the insured in the property be not truly stated herein; or in case of any fraud or false swearing by the insured touching any matter relating to insurance, or the subject thereof, whether before or after the loss."

Among the questions asked and answered in the application was the following: "What did it (the house) cost?" To which he answered, "$2,000."

The house was destroyed by fire during the term of the policy. King, the insured, brought an action upon the policy against the insured. In the trial which followed he testified that the house cost $1700. No witness testified that it cost more. The defendant requested the court to instruct the jury as follows: "You are instructed that, from the evidence in this case, you must find for the defendant." The court refused the request. The plaintiff recovered a judgment for $1,200; and the defendant appealed.

In *Providence Life Assurance Society* v. *Reutlinger,* 58 Ark. 528, this court said: "As a general rule, a warranty is a stipulation expressly set out, or by inference incorporated, in the policy, whereby the assured agrees 'that certain facts relating to the risk are or shall be true, or certain acts relating to the same subject have been or shall be true, or certain acts relating to the same subject have been or shall be done.' Its purpose is to define the limits of the obligation assumed by the insurer, and it is a condition which must be strictly complied with, or literally fulfilled, before the right to recover on the policy can accrue.

It is not necessary that the fact or act warranted should be material to the risk; for the parties by their agreement have made it so. Lord Eldon says: 'It is a first principle in the law of insurance that, if there is a warranty, it is a part of the contract that the matter is such as is represented to be. The materiality or immateriality signifies nothing." *Mechanics' Insurance Co.* v. *Thompson,* 57 Ark. 279; *Western Assurance Company* v. *Altheimer,* 58 Ark. 565.

"On the other hand, representations are no part of the contract of insurance, but are collateral or preliminary to it. When made to the insurer at or before the contract is entered into, they form a basis upon which the risks proposed to be assumed can be estimated. They operate as the inducement to the contract. Unlike a false warranty, they will not invalidate the contract because they are untrue, unless they are material to the risks, and need only to be substantially true. They render the policy void on the ground of fraud, 'while a non-compliance with a warranty operates as an express breach of the contract.' "

This distinction between warranty and representations is

recognized by the two clauses copied in this opinion from the policy.

Joyce on Insurance says: "A warranty in a contract of insurance must, if affirmative, be strictly and exactly true, and, if promissory, must be literally fulfilled; the validity of the contract depends thereon, otherwise it becomes void. No departure can be allowed in the slightest particular in any matter warranted. The very purpose and meaning of a warranty is to preclude all questions for what purpose it was made, or whether it was made for any purpose at all by the insured. Once it is inserted in the policy or made a part thereof by proper reference, it binds the assured as made, it matters not whether the breach proceeds from fraud, negligence, misinformation, or to what cause non-compliance is attributable. If it be an affirmative warranty and is false, there is a breach; if it be promissory and is not strictly performed, the contract is vitiated." 3 Joyce on Insurance, § 1970; 3 Cooley's Briefs on the Law of Insurance, pp. 1130, 1131, 1154, and cases cited. To the same effect is May on Insurance, § 156.

The General Assembly recognized this rule of law as in force in this State, and modified it by statute as follows: "In all actions against any fire insurance company, individual or corporation, for any claim accruing or arising upon or growing out of any policy upon personal property issued by any such company, individual or corporation, proof of a substantial compliance with the terms, conditions and warranties of such policy, upon the part of the assured, or party, individual, person or corporation to whom it may have been issued, or their assigns, shall be deemed sufficient, and entitle the plaintiff to recover in any such action." Kirby's Digest, § 4375a. As to real property the rule of law was left unchanged.

The agreements which are set out in the application were made a part of the policy and conditions of the insurance. In incorporating them into the policy, they were expressly made warranties. They thereby became what are denominated affirmative warranties, and their truth, exactly as stated, was made a condition upon which the insurance company would become liable for losses by fire without which the assured was not entitled to recover. He warranted that the house insured cost

$2,000. It cost only $1,700, according to his own testimony. The warranty was thereby broken, and the policy made void.

Reversed and remanded for a new trial.

HILL, C. J., (dissenting.) The policy contains this provision: "This entire policy shall be void if the insured has concealed or misrepresented, in writing or otherwise, any material fact or circumstance concerning the insurance or the subject thereof; or if the interest of the insured in the property be not truly stated herein; or in case of any fault or false swearing by the insured touching any matter relating to insurance, or the subject thereof, whether before or after the loss."

There is a misrepresentation in writing of the cost of the house, it being put in at $2,000, when in fact it was $1,700 according to King's testimony; but that is not a material misrepresentation. The policy on the house was for $1,200. The house was as easily subject to a $1,200 risk on a valuation of $1,700 as on a valuation of $2,000, and the policy becomes a liquidated demand in case of loss. Kirby's Dig. § 4375. There was ample margin to make the $1,200 risk a sound one. It is true that parties may foolishly contract to warrant the veracity or accuracy of immaterial matters, and the courts must enforce the contracts as written; but where a contract contains such a clause as the one above quoted, then it becomes clear that misrepresentations and concealments of material matters are the ones contracted to avoid the policy, and not immaterial matters.

It is not good construction to limit this clause to misrepresentations and concealments which are not warranties. Where the misrepresentation or concealment is material, then, under this clause, it avoids the policy; when it is not material, then it does not. Where a matter is contracted to be a warranty, and does not fall within this clause as a misrepresentation or concealment, then the warranty provision alone prevails; when it falls, as does this one, within both clauses, the familiar rule of construction that these printed and fixed contracts be most strongly construed against the makers of them renders this clause controlling, and unless the misrepresentation is material should not avoid the contract.

MR. JUSTICE RIDDICK concurs in this dissent.