CITIZENS' NAT. LIFE INS. CO. *v.* SWORDS.

[68 South. 920.]

1. INSURANCE.   *Avoidance.   "Warranty."   Representations.*
There is a well recognized distinction between "representations" and
"warranties."   A warranty must be literally true and its ma-
teriality cannot be the subject of inquiry.   A representation

needs only to be substantially true, and if it is not material to the risk, in the absence of fraud, its falsity will not invalidate the policy.

2. INSURANCE. *Avoidance of policy. Statements of application. Representations.*

Under a clause in a life insurance policy providing that, "This instrument contains the entire contract between the parties hereto, and all statements made by the insured shall in the absence of fraud, be deemed representations and not warranties" where the insured, in her application, made statements in regard to the family history of certain relatives and some touching on her own physical condition, but there was no fraudulent concealment of any material facts. Such statements did not avoid the contract.

APPEAL from the circuit court of Union county. Hon. H. K. MAHON, Judge.

Suit by J. B. Swords against the National Life Insurance Company. From a judgment for plaintiff, defendant appeals.

This is an action for the proceeds of an insurance policy for the sum of three thousand dollars, taken out by the wife of plaintiff (appellee here). The insurance company defends upon the ground that certain statements in the application were not true. These statements related principally to the family history of certain relatives, and some of them touched upon her own physical condition; though from the testimony it seems that there was no fraudulent concealment of any material facts, and fraud is not charged. There was a verdict for plaintiff, and the insurance company appeals.

*S. R. Knox,* for appellant.

*C. Lee Crum,* for appellee.

COOK, J., delivered the opinion of the court.

This case will be affirmed. We think the argument for appellant fails to take into account the express

terms of the contract. If the statements of the insured, when she applied for insurance, are to be deemed warranties, the arguments of appellant would be applicable. We find, however, this clause in the conditions of the policy, viz:

"This instrument contains the entire contract between the parties hereto, and all statements made by the insured shall, in the absence of fraud, be deemed representations and not warranties."

There is a well-recognized distinction between "representations" and "warranties." A warranty must be literally true and its materiality cannot be the subject of inquiry. A representation needs only to be substantially true, and if it is not material to the risk, in the absence of fraud, its falsity will not invalidate the policy. *Capital Fire Ins. Co.* v. *King*, 82 Ark. 400, 102 S. W. 194; *Fidelity & Deposit Co.* v. *Guthrie Nat'l Bk.*, 17 Okl. 397, 87 Pac. 300; *Guthrie Nat'l Bk.* v. *Deposit Co.* 14 Okl. 636, 79 Pac. 102.

By the condition referred to, in the absence of fraud, although the statements of the insured may not have been literally true, the contract will not be void. As we read the evidence, any imputation of bad faith is unwarranted.

It seems to us that a correct verdict was rendered by the jury. By the very terms of the policy the representations, in the absence of fraud, will not serve to defeat the claim of appellee. It is not shown that there was any fraud on the part of the insured.

*Affirmed.*