HOME INS. CO. OF NEW YORK *v.* CAVIN.

(Division A.   Nov. 16, 1931.   Suggestion of Error Overruled Jan. 11, 1932.)

[137 So. 490.   No. 29586.]

(1)

**R. H. & J. H. Thompson,** and **Fulton Thompson,** all of Jackson, for appellant.

**D. C. Bramlette,** of Woodville, for appellee.

**Smith, C. J.**, delivered the opinion of the court.

This is an appeal from a judgment awarding the appellee a recovery on a fire insurance policy. The appellant's complaint is that the court below refused to direct the jury to return a verdict in its favor.

One of the provisions in the face of the policy is that "this policy is made and accepted subject to the stipulations and conditions printed on back hereof, which are hereby specially referred to and made a part of this policy." One of the stipulations on the back of the policy is as follows: "The indemnity contract is based upon the . . . representations contained in the assured's application and diagram of even number herewith, which the assured has signed and permitted to be submitted to the company, and which are hereby made a warranty and part hereof; and it is stipulated and agreed that if

any false statements are made in said application or otherwise . . . then . . . this policy shall be null and void."

The application for the policy contains the following question and answer: "Have you ever suffered loss by fire, and if so, when and how did fire originate? A. Yes, years ago. Hartford paid loss—six hundred—no trouble." The evidence discloses that the appellee had suffered loss, prior to the date of his application for the policy here sued on, from three fires other than the one for which his loss was paid by the Hartford Fire Insurance Company. He states that he understood the question to refer only to loss by fire on buildings covered by insurance.

We are relieved from considering the materiality and good faith of the appellee's answer to this question, for the reason that the policy expressly provides that a false answer thereto shall void the policy. Co-operative Life Association v. Leflore, 53 Miss. 1; Planters' Ins. Co. v. Myers, 55 Miss. 479, 30 Am. Rep. 521; 26 C. J. 160.

The language of the question being plain and unambiguous, the appellee's misinterpretation of it is of no consequence, for one of the most elementary rules for the interpretation of written instruments is that, where the language thereof does not admit of two meanings, neither party thereto will be heard to say that he did not understand and assent to it. The appellee answered the question at his peril, and accepted the policy knowing, or charged with the knowledge, that a false answer thereto would render the policy void.

The appellant's request for a directed verdict should have been granted.

Reversed, and judgment here for the appellant.