SPRINGFIELD FIRE & MARINE INS. CO. *v.* NIX.

(Division A. Jan. 11, 1932.)

[138 So. 598. No. 29717.]

Watkins, Watkins & Eager, of Jackson, for appellant.

**F. B. Collins,** of Laurel, for appellee.

Argued orally by **W. H. Watkins, Jr.**, for appellant.

**McGowen, J.**, delivered the opinion of the court.

Nix, the assured, recovered a judgment in the lower court against the Springfield Fire & Marine Insurance Company, the insurer, for four hundred dollars. The recovery was had upon an insurance policy, issued by the insurer to the assured, covering one Marmon car for six hundred dollars.

The policy contained the following provision: "This entire policy shall be void if the assured has concealed or misrepresented any material fact or circumstance concerning this insurance or the subject thereof; or in case of any fraud, attempted fraud, or false swearing by the assured touching any matter relating to this insurance or the subject thereof, whether before or after a loss."

On the first page of the policy appears section D, styled "Warranted by the Assured," and under section 3 of section D appears the following:

"The description of the automobile and the facts respecting its purchase are as follows:

| Actual Cost to Assured including equipment | Month | Year | Purchased by Assured New or 2nd Hand |
|---|---|---|---|
| $2250.00 | November | 1928 | 2nd Hand." |

The facts necessary to the decision of this case are as follows:

Nix applied to Williamson, general agent of the insurer, at Collins, Mississippi, for a policy of insurance on his automobile. The agent looked at the car, but he

stated that he did not know anything about any .car except a Ford, and could not tell its condition from an examination thereof, but that he thought the car was entitled to be insured for six hundred dollars; that he passed upon, and gave his opinion regarding, the car, on the answers of the assured, as above outlined, together with his examination of a book furnished by the company he was representing, giving information as to certain styles and types of cars.

Nix testified that his car cost him one hundred fifty dollars, and that he bought it in August, 1930. The policy was dated November 15, 1930, and the loss by fire occurred a little more than a month later. Nix testified that the agent did not ask him what the car cost him, but what the car cost "new," and that he answered the question as propounded by the agent. Nix denied that he made any answer with reference to when he bought the car.

Williamson, the agent, testified that he propounded the question as written in the policy, and wrote the answer of the assured down both as to what the assured paid for the car and the date he purchased it.

After the loss, the adjuster of the insurer took a statement, in writing, from the insured, in which the assured stated that he paid one thousand dollars for the car, three hundred dollars cash, and seven hundred dollars by a trade-in of a Buick car. This written statement was offered in evidence, and is not denied in the record. The assured saw the general agent write these answers to the questions propounded to him; the policy was delivered to him at the time, and remained in his possession until after the loss by fire.

The court below submitted the case to the jury on the two conflicts in the testimony; namely, as to the cost of the car to the assured, and the date of his purchase thereof.

The·statements made by the assured to the insurer were warranties, and the insured nowhere denies·but that he had read and knew the contents of his policy. At any rate, having retained the policy in his possession for more than a month, he knew, or ought to have known, the contents of it.

The statement as to the cost of the car to the insurer was most material to the contract. The assured was an automobile salesman; his testimony shows that he was a man of intelligence. It is perfectly apparent that the insurer was not concerned about the cost of the car when new, when it was about to be insured, but it was a matter of prime importance to it to know what the car cost the assured, in whose property the insurer was about to become vitally interested, when these questions were propounded.

As to the examination of the car, the record shows that the agent was not a mechanic; and it is matter of common knowledge that a man of ordinary intelligence cannot judge of the value of a secondhand car by its outward appearance. The warranty must be literally true, whether material or not. A representation must be substantially true; and, if it is not material to the risk, in the absence of fraud, its falsity will not invalidate the policy. See Citizens' National Life Ins. Co. v. Swords, 109 Miss. 635, 68 So. 920.

There is but slight difference between the facts in this case and in the case of Home Insurance Co. v. Cavin, 137 So. 490, 491, not yet reported [in state report]*, wherein this court said the appellee "answered the question at his peril, and accepted the policy knowing, or charged with the knowledge, that a false answer thereto would render the policy void. The appellant's request for a directed verdict should have been granted." Refer also to the authorities therein cited.

---

*See 162 Miss. 1.

But, if we are mistaken in this view, the assured here is presumed to have read his policy, and is bound by his contract and the warranties appearing on the face of the contract; and, by retaining the policy for a month without calling the attention of the insurer to the material and controlling error made by the agent, if he made one, in recording his answer to the question, his silence ratified, confirmed, and adopted the answer, as set forth in the policy, as his answer and as being true. It is significant that this record contains no denial by Nix that he knew the contents of his policy; he does not say that he did not read the policy and note that the agent, at the time, erroneously wrote down his answers to the questions propounded. In addition to that, after his loss, it is evident that he undertook to mislead the company as to what price he had paid for the car, for it is undenied in this record that, in writing, he represented to the company that he had paid three hundred dollars and a car valued at seven hundred dollars, making a total of one thousand dollars for this car, showing that he had a design to mislead the company, and to conceal from it what the car actually cost him.

We have here a case on these facts, where the assured paid one hundred fifty dollars for the car, and seeks to recover four times what he had actually invested in the car; and the jury gave him a verdict for two and one-third times the cost of the car. Whether or not he actually read his policy after it came into his possession, he is bound by the warranties which he made in answer to certain material facts necessary to the making incidentally of the contract. The policy remained in his possession; he made no effort to correct the error; he is bound by his contract; he assented to it by his silence; and he cannot now be heard to dispute his own action. Home Mutual Fire Ins. Co. v. Pittman, 111 Miss. 420; 71 So. 739; New York Life Insurance Co. v. O'Dom, 100 Miss. 219, 56 So. 379, Ann. Cas. 1914A, 583; Germania

Life Ins. Co. v. Bouldin, 100 Miss. 660, 59 So. 609; Maryland Casualty Co. v. Adams, 159 Miss. 88, 131 So. 544; National Union Fire Ins. Co. v. Provine, 148 Miss. 659, 114 So. 730.

By the terms of his contract, Nix is bound by his own action, a fraud, and he cannot have the courts enforce for him this contract.

The cases cited by appellee in his brief are not applicable.

Reversed, and judgment here for appellant.