**UNDERWRITERS' FINANCE CORPORA-TION v. UNION INDEMNITY CO.**

No. 4606.

Circuit Court of Appeals, Seventh Circuit.

Nov. 22, 1932.

Rehearing Denied Dec. 19, 1932.

866

Lawrence A. Cole, Samuel E. Hirsch, J. Robert Cohler, and Albert K. Orschel, all of Chicago, Ill., for appellant.

Church, Haft, Robertson, Crowe & Spence, of Chicago, Ill. (Burt A. Crowe, of Chicago, Ill., of counsel), for appellee.

Before EVANS and SPARKS, Circuit Judges, and WILKERSON, District Judge.

EVANS, Circuit Judge (after stating the facts as above).

Passing directly to the merits of the appeal—the sufficiency of the evidence to require a directed verdict in appellant's favor —we find it necessary to divide appellant's claim. The $7,494 loss which occurred prior to December 31, 1926, is subject to a defense not existent as to the balance of the claim.

 The above-quoted provision of the policy which negatived liability unless the loss be "both discovered and claim therefor filed with the Surety within twelve months after each and every anniversary date of this Bond * * *," should, of course, be strictly construed against appellee. We have attempted to follow appellant's construction of the language of this clause and to find uncertainty or ambiguity in it, but we are forced to the conclusion that the District Court was right in directing the verdict in appellee's favor for this amount. It is too plain for argument that the parties by their contract agreed that the surety's liability was dependent upon the employer's discovery of the shortage and upon its making claim therefor within a designated time. In the instant case, that time expired before appellant discovered the shortage or made claim therefor.

 As to the remainder of the loss, appellee's defense turns upon the effect of statements made by appellant when it applied for an extension of the bond. One statement was as follows:

"The Employer certifies that since the issuance of the above schedule bond, the employees named in the accompanying list have faithfully, honestly and punctually accounted to him for all money and property in their control or custody as his employees, and have always had proper securities and funds on hand, and are not now in default."

This statement was not true as to Turckel who had been unfaithful and had embezzled $7,494. It is true, however, that appellant did not know of such shortage but believed, and had every reason to believe, that Turckel was an honest, faithful, and dependable bookkeeper. In making this statement respecting Turckel's honesty, appellant acted upon the information it possessed. Its statement was made in good faith, and it believed the same to be true. Likewise, the evidence rather conclusively showed that appellant had exercised ordinary care to acquaint itself with the facts. Upon such showing, under the authorities, of which there are many,[1] appellant was not barred from recovering on the policy. The statement respecting Turckel's honesty was not a warranty but a representation.[2] The insured fully meets the most drastic test which the law may impose on it because of any such representations, when it shows that it made them in good faith and in the honest belief that they were true, after exercising ordinary precautions to ascertain their accuracy.

 Respecting the other statement made by appellant when seeking an extension of the policy, different questions are presented. Appellant was asked, and answered, two questions:

---

[1] Title Guaranty & Surety Co. v. Nichols, 224 U. S. 346, 32 S. Ct. 475, 56 L. Ed. 795; Fidelity & Deposit Co. v. Guthrie Nat. Bk., 17 Okl. 397, 87 P. 300; Hunter v. U. S. Fidelity & Guaranty Co., 129 Tenn. 572, 167 S. W. 692; Farmers' Union Grain Co. v. U. S. Fidelity & Guaranty Co., 109 Neb. 142, 190 N. W. 221; Moulor v. Amer. Life Ins. Co., 111 U. S. 335, 342, 4 S. Ct. 466, 28 L. Ed. 447; Amer. Bonding Co. v. Spokane Bldg. & Loan Soc., 130 F. 737 (C. C. A. 9); Remington v. Fidelity & Deposit Co., 27 Wash. 429, 67 P. 989 (Wash.); U. S. Fidelity & Guaranty Co. v. Citizens' Nat. Bank, 147 Ky. 285, 143 S. W. 997; Commercial Bank v. American Bonding Co., 194 Mo. App. 224, 187 S. W. 99; St. Louis Police Relief Ass'n v. Amer. Bonding Co., 197 Mo. App. 430, 196 S. W. 1148; Grand Lodge, U. B. of F. v. Mass. B. & Ins. Co., 324 Mo. 938, 25 S.W.(2d) 783.

[2] See above-cited cases.

"At what intervals will applicant's accounts, books and records be audited and checked with cash actually on hand and in bank and with securities, merchandise, samples, etc. actually on hand? Answer: At least once every six months.

"Who will make these audits and checks? Answer: David Himmelblau, CPA."

Appellant was engaged in purchasing accounts receivable and real estate paper. It dealt with five banks and required a revolving fund of about one million dollars. The nature of its business lent itself to the easy manipulation of checks by Turckel. The money was abstracted by Turckel through manipulation of checks signed by the president of the company. The defalcations were concealed at the time of the audit through Turckel's borrowing money on bonds obtained from the president on the pretext that they were needed in the regular course of business. Audits were made semiannually by the accountant Himmelblau, but he failed to detect the shortage until after Turckel had fled the country.

We are satisfied that the statements made by appellant were representations rather than warranties. Moreover, the evidence tending to show appellee's reliance upon these statements was meagre, almost to the point of barrenness. Finally, the proof respecting the audits was such as to well-nigh compel a finding that they were made in good faith and in an honest effort to ascertain the state of appellant's business, which latter fact necessarily included the detection of shortage and defalcation.

It is, however, unnecessary for us to determine whether appellant was entitled to a directed verdict for the sum of $22,931.07 ($30,425.07 less the $7,494) and interest, because the most this court may do is to reverse the judgment and direct a new trial. On such new trial, appellee may introduce different and more persuasive evidence than on the previous trial in support of its various defenses arising out of appellant's representations made prior to December 31, 1926.

If we assume that the court directed the verdict in appellee's favor, as counsel for appellee suggests, on the assumption that the filing of the motions for a directed verdict by both sides constituted a waiver of either's right to have the case submitted to a jury, then the court erred in so holding. The record before us does not justify the application of the rule announced in Beuttell v. Magone, 157 U. S. 154, 15 S. Ct. 566, 39 L. Ed. 654 to the effect that unconditional motions for directed verdicts by both parties are equivalent to a request that the court find the facts and that further trial by the jury is waived.

Appellant's motion at the close of the argument to the jury was not unconditional. It was submitted along with numerous proposed instructions. In arguing the matter at the same time, counsel for appellant stated:

"I feel that whatever the Court may feel about the statement as a matter of law, it is a matter of fact for the jury to determine whether this statement was false in fact, whether it was delivered to them prior to the continuation date named in here, and whether it was relied upon."

It was only after this statement was made and the numerous proposed instructions had been submitted by appellant's counsel that the court prepared the verdict and instructed the jury to find: "We, the jury find the issues for the defendant." We think it apparent from this record that while appellant's counsel was desirous of having the court direct a verdict in its favor, he requested, in the alternative, that if such motion were denied, then the case should be submitted to the jury for its determination of the issues arising out of the alleged representations made by the insured. Upon such a record, the court was not justified in taking the case from the jury, much less in directing the jury to render a verdict in appellee's favor. Empire State Cattle Company v. A., T. & S. F. Ry. Co., 210 U. S. 1, 8, 28 S. Ct. 607, 52 L. Ed. 931, 15 Ann. Cas. 70; Sampliner v. Motion Picture Patents Co., 254 U. S. 233, 238, 41 S. Ct. 79, 65 L. Ed. 240; Hover & Co. v. Denver & R. G. W. R. Co. (C. C. A.) 17 F.(2d) 881, 883.

The judgment is reversed, with directions to grant a new trial.