HOME INS. CO. *v.* CAVIN.

(Division B. Oct. 2, 1933.)

[149 So. 800. No. 30699.]

Fulton Thompson and **R. H.** and **J. H. Thompson,** all of Jackson, for appellant.

**D. C. Bramlette,** of Woodville, for appellee.

**Griffith, J.**, delivered the opinion of the court.

In a previous case, reported in 162 Miss. 1, 137 So. 490, appellee sued appellant insurance company for a loss by fire which had occurred during the apparent life of a policy theretofore issued and delivered by the company to the appellee. The company defended that action and

showed that in the application for the insurance, appellee, in response to one of the questions propounded as a part of the application, had answered that he had experienced only one fire in the past when, in fact, he had had three other fires. Appellee explained that he had mistaken the import of the question, and understood from the agent who solicited the insurance, that the question had reference only to a fire or fires covered by insurance. The court held that the answer was untrue in fact, and that the mistake as to its meaning did not avail to save appellee from the consequent avoidance of the policy.

After the decision in that case, appellee sued the company in the case now at bar for a return of the premium paid, and the company defended on the ground that appellee had procured the policy by fraud, and that by reason thereof he could not maintain an action for the premium. By agreement, as that agreement has been construed by the parties, the record in the previous case was made a part, and in effect the principal part, of the record in this case, and the cause having been submitted to the trial judge, without a jury, he rendered judgment for the recovery of the premium, and the company has appealed.

Ordinarily, when a policy of insurance, although delivered, has never taken effect and has throughout been of no force or validity as against the ostensible insurer, the insured may recover the premium paid, with interest, for there the insurer has received something for nothing. One of the exceptions to this rule is that the insured may not recover the premium when he has been guilty of actual fraud in the procurement of the policy. This exception is founded upon the general principle that no man may maintain a demand arising out of his own wrong. In order, however, that the stated exception shall apply to an insured, who is seeking the recovery of the premium paid, his wrong in the procurement of the policy must be an actual wrong; a wrong or fraud which contains moral turpitude as a real ingredient. It is not enough

to defeat him to show that the wrong charged against him is a legal fraud, but the insurer, in order to successfully defend the action for the return of the premium, must go further and show that the fraud was actual; was consciously intended so to be. See the cases cited and annotated, 26 C. J., p. 128 and 32 C. J., p. 1237. It may be added that there may be a case where the insured in making his application is so utterly without care, or so recklessly indifferent, as to the truth of his statements, that his conduct should be held tantamount to actual fraud, but that is not the case here.

The court did not decide on the former appeal that the insured had been guilty of actual fraud involving moral turpitude, nor does the record in that case, and here, when reviewed under the effect of the present judgment of the trial court, show anything more than legal fraud. An untrue answer was made which avoided the policy, but the answer, according to the effect of the judgment in the present case, was made under a mistake as to the exact information thereby sought, and without conscious purpose to wrongfully deceive or misrepresent.

Affirmed.