**HOME LIFE INS. CO. v. MADERE et al.**
No. 8906.

Circuit Court of Appeals, Fifth Circuit.

Jan. 31, 1939.

McCORD, Circuit Judge, dissenting.

William H. Watkins, Sr., P. H. Eager, Jr., and Thos. H. Watkins, all of Jackson, Miss., for appellant.

Jo Drake Arrington, R. W. Thompson, Jr., and Webb M. Mize, all of Gulfport, Miss., for appellees.

Before FOSTER, SIBLEY, and Mc-CORD, Circuit Judges.

FOSTER, Circuit Judge.

This suit was brought, within the contestable period, by appellant, Home Life Insurance Company of New York, against Glenn Wesley Madere, the insured, and his wife, Noelie, the beneficiary, to cancel a policy of life insurance, on the ground that the insured had given false answers to material questions in his application for the policy. There was judgment dismissing the bill.

There is little or no conflict in the evidence. Appellant issued a term policy of life insurance, in the amount of $5,000, to Glenn Wesley Madere, on October 22, 1935, with his wife named as beneficiary. The policy automatically changed to a whole life policy at the end of three years. It provided that if the insured became totally and permanently disabled while the policy was in force all future premiums would be waived. Application for waiver of premiums was made under this clause. The policy contained the usual clause that the policy and application annexed constituted the entire contract between the parties and all statements made by the insured would, in the absence of fraud, be deemed representations and not warranties. The application contained this statement:

"I hereby declare my statements and answers in this application together with the written declarations I have made or shall make to the Company in the presence of its Medical Examiner in connection with this application to be true and complete and agree that the said statements and answers together with such declarations shall constitute the application and be the basis of the contract." And this further declaration, after the questions and answers: "I

hereby declare that the above statements and answers are complete and true, * * *".

The application was signed by the insured on October 12, 1935. A copy of the application was annexed to the policy in conformity to the provisions of the contract.

The application shows questions and answers as follows:

"Name every physician or practitioner whom you have consulted or by whom you have been treated during the last five years. When and for what was each consultation or treatment made?" To this he answered: "Dr. M. M. Snelling, Acute colds."

"What other illnesses, diseases, operations or accidents have you had?" His answer was: "Appendectory 1921. Tonsillectory 1917."

"Have you ever had epilepsy, nervous breakdown, gonorrhea, gout, rheumatism or any disease of the liver, gall bladder, stomach or intestines? If so, give particulars regarding each." He answered: "No."

"Give details of any disease, illness or operation and state number of attacks, duration, severity and exact dates." This was not answered.

The answers were false in this. In addition to Dr. Snelling the insured had been treated by Dr. Gay from November 22 to November 29, 1931, within five years before the date of the application, for acute cholicystitis. In addition to the appendectomy and the tonsillotomy named in the application he had been operated on by Dr. Snelling in February, 1935, and an infected cyst removed from his abdomen. He made applications for benefits for these illnesses under health policies and received payments. The supporting statements of Drs. Gay and Snelling respectively diagnosed the illnesses as acute cholicystitis and influenza, the latter accompanied with fever of 102 degrees. Before that he had had an attack of furunculosis from August 25 to September 2, 1930, for which he also made application for relief under a health policy and was paid.

The bill alleged, in substance, that plaintiff believed the answers in the application were truthful; that had the insured's previous medical history been truthfully disclosed the policy would not have been written. This was supported by evidence.

The insured sought to excuse the false and incomplete answers. His testimony found favor with the District Court but it is not necessary to review it. The medical evidence was in conflict as to the probable future effect of the attack of acute cholicystitis and the character of the cyst that was removed but practically in accord as to their serious character. There was also conflicting evidence as to whether the term "acute colds" was synonymous with "influenza."

The District Court reached the conclusion that the insured was in good faith in answering the questions in connection with his application and the burden was on plaintiff to establish fraud, which it had failed to do; that under the terms of the policy his statements were to be considered representations and not warranties; and that had full disclosures been made, as contended by plaintiff, the policy would nevertheless have been written.

In support of his conclusions the District Court relied upon the following authorities. Connecticut Mutual Life Ins. Co. v. Union Trust Co., 112 U.S. 250, 5 S.Ct. 119, 28 L.Ed. 708; Fidelity Mutual Life Ins. Co. v. Miazza, 93 Miss. 422, 48 So. 1017; Fidelity Mutual Life Ins. Co. v. Elmore, 111 Miss. 137, 71 So. 305. These three cases were brought at law after the policies had matured by the death of the insured. The gravamen of the decision in the first case was that an applicant for life insurance was not required to disclose every trifling illness he might have had previous thereto. In the second it was held that materiality of misrepresentations in the application was a question for the jury. In the third it was held where the policy contained a "continuing good health clause" the insured was under the duty to disclose any change in his physical condition occurring between the application and the delivery of the policy but if he was ignorant of his change in health and did not do so it would not render the policy void. They are not controlling in this case, which was tried in equity. On appeal the case is before us on all the facts in the record and we are at liberty to substitute our opinion for that of the District Court.

The insured was charged with knowledge that he had suffered from acute cholicystitis, a serious infection of the gall bladder. He untruthfully answered the questions as to whether he had suffered from any disease of the gall bladder. He was also charged with knowledge that he had had two attacks of influenza, with high temperature. He did not make full disclosures as to this. It is common knowledge that influenza is a very serious disease while an acute cold is not.

We entertain no doubt that the illnesses appellant had suffered were serious, not trivial, and the representations in regard thereto were material to the risk. The basis of the policy, as a condition precedent, was truthful and full answers to the questions propounded in the application. The company had the right to form its own opinion as to whether it would issue the policy according to the facts therein disclosed. If the answers were materially false the minds of the parties did not meet and no contract resulted. Regardless of whether he was in good faith, the insured was guilty of fraud in law by giving false answers and not making full disclosures as to his illnesses. Appellant was not required to go further in proving fraud than to show material falsity and concealment in the application. The policy was voidable at the option of the insurer. Mutual Life Ins. Co. v. Hilton-Green, 241 U.S. 613, 36 S.Ct. 676, 60 L.Ed. 1202; New York Life Ins. Co. v. Odom, 5 Cir., 93 F.2d 641; Franco v. New York Life Ins. Co., 5 Cir., 53 F.2d 562; Co-op. Life Assn. v. Leflore, 53 Miss. 1; Hoke v. Nat. Life & Accident Ins. Co., 103 Miss. 269, 60 So. 218; Williams v. New York Life Ins. Co., 132 Miss. 345, 96 So. 97; Home Ins. Co. of New York v. Cavin, 162 Miss. 1, 137 So. 490.

The judgment appealed from is reversed and the case is remanded with instructions to enter judgment in favor of appellant cancelling the policy.

McCORD, Circuit Judge, dissents.