NEW YORK LIFE INS. CO. v. LOWE et al.

No. 9768.

Circuit Court of Appeals, Fifth Circuit.

May 16, 1941.

Wm. H. Watkins and Thomas H. Watkins, both of Jackson, Miss., and Charles A. Sisson, of Clarksdale, Miss., for appellant.

James McClure, Jr., of Sardis, Miss., Aubrey H. Bell, of Greenwood, Miss., Fred H. Montgomery, of Clarksdale, Miss., and Dugas Shands, of Cleveland, Miss., for appellees.

Before HUTCHESON, HOLMES, and McCORD, Circuit Judges.

HOLMES, Circuit Judge.

Marion E. Lowe holds two policies of life insurance, which contain the usual disability and double indemnity provisions, one issued by appellant in 1924 and the other in 1926. In 1930, Lowe was discovered to be suffering from Buerger's disease (thrombo angiitis obliterans), which rendered him totally and permanently disabled. He was paid disability benefits under the policy and premiums thereon were waived until February 1, 1940, on which date the insurer discovered for the first time that Lowe had symptoms of the disease from which his disability resulted prior to the issuance of the policies of insurance, and that he had received medical attention in connection therewith immediately before and after the filing of his applications for insurance.

Suit was promptly filed by the appellant alleging that the insured gave false answers to material questions propounded in the application upon which the insurer could and did rely, and it prayed for the rescission and cancellation of the disability and double indemnity provisions of the policy, for a decree cancelling the life provisions of the policy for non-payment of the premiums thereon from and after 1930, and for a judgment against the insured to recover all monthly income payments made to him under the disability provisions of the policies.

In the application for each policy, Lowe stated that he had never suffered from rheumatism or had any disease of the blood vessels, and he declared that he had not been treated by any physician for any ailment, other than influenza, during the five years preceding the dates of the respective applications. Actually, he had trouble with his feet as early as 1917, noticing a stiffness akin to rheumatism. After that time, he suffered intermittently with his feet, toes, hands, and fingers; they would become stiff, and occasionally the nails would become infected. He was successfully treated repeatedly for these ailments, which were diagnosed as a rheumatic condition. Although these conditions were symptoms of Buerger's disease, they were also symptoms of rheumatism or of nothing at all, and the malady was never diagnosed to be Buerger's disease, or considered to be serious, until 1930. Buerger's disease is a thickening of the blood vessels which impedes the blood supply to the extremities. It is a serious disease of slow development, which, in its beginning, is difficult to diagnose.

Both of the insurance policies provided that all statements made by the insured, in the absence of fraud, should be deemed representations and not warranties. Each also contained an incontestible clause, limiting to two years the right to contest the policy except for nonpayment of premium, and except as to the disability and double indemnity provisions.

The District Court found that, although Lowe made misrepresentations in his applications, the ailments which he failed to disclose were trivial, and not material to the risk, and that he was guilty of no intentional fraud. While it is true that it now appears that Lowe might have had a continuing case of Buerger's disease from 1917 to the present time, it is also clear that he was unaware that he might be so afflicted until 1930.[1] He might rea-

---

[1] Cf. Bailey v. United States, 5 Cir., 92 F.2d 456.

742

sonably have supposed that his trouble was caused by athlete's foot or ill-fitting shoes. His personal physicians, two of them, who treated him for the symptoms evidencing the Buerger's disease (if he then had it) were the examining physicians for this insurer when applications for two policies of insurance (one not here in suit) were made; apparently neither of them considered his ailment of sufficient importance to necessitate its mention in the applications for insurance. At the time the applications were made, no physician had diagnosed Lowe's trouble to be Buerger's disease, he was able to pursue a reasonably gainful occupation without serious interruption, and he was regarded as a healthy man by those who knew him best. In these circumstances, we are unable to say that the finding made by the trial court is clearly erroneous.[2]

In Mississippi, by the laws of which state these contracts are governed,[3] a contract is not avoided by the misrepresentation of an immaterial fact. Though a representation be untrue, if it is not material to the risk and not fraudulent, its falsity will not invalidate the policy.[4] There is nothing in the evidence to establish, as a matter of law, any fraud in connection with the filing of the applications. The District Judge sat as judge and jury, and his finding, that Lowe's misrepresentations concerned a trivial indisposition which had no material effect upon the risk, being supported by substantial evidence and not being clearly erroneous, is sufficient to require an affirmance of the judgment below without considering the question of estoppel or limitations.

The judgment is affirmed.

HUTCHESON, Circuit Judge (specially concurring).

I do not agree with the majority view that the misstatements of Lowe, that he had not consulted a physician and that he had not had rheumatism, were immaterial misstatements under the policy:

[2] Rule 52(a), Rules of Civil Procedure, 28 U.S.C.A. followingg section 723c.

[3] Ruhlin v. New York Life Ins. Co., 304 U.S. 202, 58 S.Ct. 860, 82 L.Ed. 1290.

[4] Pacific Mutual Life Ins. Co. v. Cunningham, 5 Cir., 65 F.2d 909; Bailey v. United States, supra; Franklin Life Ins. Co. v. Critz, 5 Cir., 109 F.2d 417; Mutual

I agree, however, with the affirmance, because I think it plain that the suit was not timely brought and was barred by the statute of limitations.

Reserve Fund Life Association v. Ogletree, 77 Miss. 7, 25 So. 869; Fidelity Mutual Life Ins. Co. v. Miazza, 93 Miss. 18, 46 So. 817, 136 Am.St.Rep. 534; Citizens' National Life Ins. Co. v. Swords, 109 Miss. 635, 68 So. 920; Fidelity Mutual Life Ins. Co. v. Elmore, 111 Miss. 137, 71 So. 305.