STANDARD LIFE INS. Co. v. BALDWIN.

(In Banc. Jan. 14, 1946. Suggestion of Error Overruled Jan. 28, 1946.)

[24 So. (2d) 360. No. 35948.]

Brandon, Brandon & Hornsby, of Natchez, for appellant.

304

Joseph E. Brown, of Natchez, for appellee.

**Alexander, J.,** delivered the opinion of the court.

Suit at law was brought against the Insurance Company upon a policy of life insurance in the sum of $400 written upon the life of appellee's wife. From a peremptory instruction in favor of the plaintiff, the company appeals.

The pertinent provisions of the policy are as follows: Liability of the insurer is limited to a return of the premiums paid, provided, "(1) if before the date hereof the insured . . . has been attended by a physician for any serious disease or complaint or before said date has had any pulmonary disease . . . ," unless there has been a formal waiver. Also "in event of the death of the Insured within the first twelve (12) months from the date of the Policy, due directly or indirectly to . . . pulmonary disease . . . the liability of the Company

shall be limited to one fourth (¼) of the Amount of In- surance stipulated in the Schedule on the face of the Policy."

Defense was grounded upon the fact of tuberculosis upon the date the policy was issued and upon the fact that insured died of that disease within twelve months from such date. It is not disputed that the policy was dated April 26, 1943, and that insured died March 19, 1944.

The testimony shows that insured was attended and treated many times between October 1942 and the date of her death. The attending physician was allowed to testify to such fact but not the nature of her illness nor the cause of her death. However, his Proof of Death, required by the policy, showed she died of tuberculosis. The plaintiff denied that he knew the cause of her death but admitted that "I guess she died of tuberculosis." His Proof of Death, likewise required by the contract, stated that she died from such disease. While he denied that he had so stated and that he could not write, the company's agent, Hardy, testified that plaintiff so told him and that the answers to the questions in the Proof of Death furnished by plaintiff were filled in according to the latter's answers, and was signed by plaintiff's mark duly witnessed.

In view of the long continued treatment and the improbability, if not impossibility, that insured contracted the disease after Christmas 1943 and died therefrom March 19, 1944, as testified by plaintiff, supplemented by the testimony of Hardy and the averments in the Proof of Death, we are of the opinion that the learned trial judge was not warranted in directing a verdict for plaintiff. Under the present aspect of the case it was at least a jury issue whether she died of tuberculosis within the initial twelve months' period, in which event the recovery would have been limited to $100. Since such views require a reversal we need not elaborately examine the factual issue of lapse. The defendant undertook to show that the policy lapsed on February 7, 1944, for non-

payment of premiums and was revived or re-instated upon application on February 14th. Plaintiff testified that all premiums had been paid. The denial of the defendant's witnesses was not supported by original records. Plaintiff insisted that there was no reinstatement but that the transaction involved the mere furnishing of a duplicate policy to supply a loss of the original through fire. The application for the new policy was upon a form styled "Revival Application" and the defendants testified to its identity as such.

Proof as to the existence of tuberculosis on the date of the policy was not sufficiently shown. The application for revival contained the usual representation that the applicant was then "in good health, free from all diseases . . . and since the issuance of the above described policy I have had no injuries, ailments or illnesses and have not been sick from any cause; that since the date of the issuance of said Policy I have not consulted or been prescribed for or attended by a physician or practitioner for any cause."

These considerations are mentioned since the issue of good health at the time the original policy was issued was open under the terms of the insurance contract without regard to the warranties under the original application. National Life & Accident Ins. Co. v. Green, 191 Miss. 581, 2 So. (2d) 838, 3 So. (2d) 812, 136 A. L. R. 1510. If upon remand the representations in the second application, if shown to be in support of a revival after lapse, would be competent although not attached to the new policy as required of original policies by Section 5684, Code of 1942. Walker v. Acacia Mutual Life Ins. Co., 178 Miss. 395, 173 So. 453. In the instant case, the insured died before a second policy was delivered. The intimation that the insurer was estopped to set up its defense because of its acceptance of premiums, finds no support in this record especially since there is no showing that the insurer had knowledge of the insured's physical condition.

For the error in granting the plaintiff a peremptory instruction in view of the foregoing considerations, the

cause must be remanded. The nature of the proof upon the issues, which may lead to any one of three results, is left open for development.

Reversed and remanded.