MUTUAL BENEFIT HEALTH & ACCIDENT ASSOCIATION OF OMAHA, NEBRASKA *v.* MOOR.

No. 41394          May 16, 1960          120 So. 2d 439

*Watkins & Eager, Roger C. Landrum,* Jackson, for appellant.

*Richard H. Carlisle, Carter & Van Every,* Columbus, for appellee.

ARRINGTON, J.

This is an appeal from a judgment of the Circuit Court of Lowndes County awarding appellee, Mrs. Mary Willis Moor, plaintiff below, a judgment upon a jury verdict of $646.49 against the defendant-appellant, Mutual Benefit Health & Accident Association of Omaha. Appellee's judgment was based upon two claims under a health and accident insurance policy issued her by the appellant.

To sustain the judgment, appellee relies principally upon World Insurance Company v. Bethea, 230 Miss. 765, 93 So. 2d 624 (1957), which held that, if a soliciting agent of an insurance company undertakes the preparation of an application for insurance, and by mistake or omission fails to write down correctly the applicant's answers to questions propounded, his company will be bound by such answers just as if they had been written down in the language used by applicant. In short, a soliciting agent with the authority to fill out applications may bind his principal by his erroneous completion of the application.

However, after a careful examination of this record, we have concluded that the doctrine of the *Bethea* case does not apply. It is undisputed, in appellee's own testimony, that she failed to disclose, to the soliciting agent or on the application, two illnesses and hospitalizations within the year immediately preceding issuance of the policy, and eleven illnesses, injuries, and hospitalizations within the ten years preceding issuance of the policy. Appellee admitted that not only were they not reported in the application, but she did not tell the agent about them. Hence it is undisputed that she failed to give true and complete answers either to the agent or on the application, having omitted any report of the above listed injuries, hospitalizations or illnesses. For this reason, appellee's disclosure as to prior illnesses was wholly inadequate and insufficient, and the trial court should have given a peremptory instruction for the appellant.

Sudler v. Life and Casualty Insurance Company of Tenn., 220 Miss. 633, 71 So. 2d 422 (1954) is in point. The evidence showed there without dispute that the insured failed to disclose in an application for reinstatement of life insurance material information as to prior illnesses. Hence it was held there was no issue for submission to a jury concerning imputed knowledge of the insurer. To the same effect are New York Life Insurance Company v. Burris, 174 Miss. 658, 165 So. 116 (1936), and Home Insurance Company of New York v. Cavin, 162 Miss. 1, 137 So. 490 (1932). See also World Fire and Marine Insurance Compny v. King, 187 Miss. 699, 191 So. 665 (1939).

Accordingly the judgment of the circuit court is reversed and judgment is rendered here for appellant.

Reversed and judgment here for appellant.

*McGehee, C. J.*, and *Kyle, Ethridge* and *Gillespie, JJ.*, concur.