RESERVE LIFE INSURANCE CO., DEFENDANT-APPELLANT *v.*
BRUNSON, PLAINTIFF-APPELLEE

No. 43339          March 1, 1965          172 So. 2d 571

*Bacon & Smith,* Jackson, for appellant.

*Sanford & Alford,* Philadelphia; *Bryan & Gordon,* Pascagoula, for appellee.

PATTERSON, J.

This is an appeal from the Circuit Court of Neshoba County wherein the plaintiff recovered a judgment in the sum of $787.45 against the Reserve Life Insurance Company under the terms of two policies of insurance issued to the plaintiff, one for hospital room expense and the other for hospital and surgical expense.

On December 16, 1960, an agent of the defendant, W. W. McEwen, went to the home of appellee in Neshoba County for the purpose of soliciting appellee to purchase

a policy or policies of medical and health insurance. The appellee and her husband had known Mr. McEwen in his capacity as an agent for the defendant, Reserve Life Insurance Company, for a number of years. Prior to this time he had written two other policies for the appellee with the defendant company. These policies had been cancelled in 1958 by the appellant.

On this occasion the agent advised the plaintiff that the company wanted her back as a policyholder and that he had come for her to sign the application blank. During the course of the conversation between the plaintiff and the agent of the defendant company the following colloquy transpired:

"Q. Come for you to sign the application blank?

"A. Yes.

"Q. And what else did he tell you?

"A. Well, he, I said, why would they after they had discontinued me, and he said, well, it would help the company if I had insurance after it was discontinued to write me again, and I said, why, and he says, we want you for a guinea pig."

After some further discussion of the matter, the agent prevailed upon the plaintiff to sign the applications for insurance in blank with the assurance to her that, "He told me he knew how to fix it. All I had to do was to sign the application blank because I had been a policyholder before." After signing the two applications in blank, the plaintiff gave her checks for the premium payments to the agent, which were accepted.

Appellee received the policies from the company on December 22, 1960. To these policies were attached the applications which had been signed in blank by the plaintiff, however, the blanks thereon had thereafter been filled in by the agent. The attached applications indicated the appellee had undergone surgery in 1957 and had suffered from pneumonia in 1958 from which she was fully recovered. They did not include a con-

finement to the hospital for the period December 6, 1958, through January 10, 1959, for pneumonia, nor a confinement from January 28 to February 2, 1960, for kidney trouble, nor a confinement from October 18 through 29, 1960, for perio-colitis. The insured inspected the applications attached to the policies and knew them to be erroneous in that the confinements of December 6, 1958, January 28, 1960, and October 18, 1960, were not listed thereon. She did not notify the company of these omissions giving as her reason therefor that the agent did not ask her as to any hospitalization during the interval between the cancellation of the former policies in 1958 and the time she signed the applications in blank in 1960. That since he did not ask, she did not volunteer the information as he was to take care of the matter as she had been a former policyholder.

Appellee was confined to the hospital on April 26, 1961, as the result of a fall from a ladder; she was again confined to the hospital on May 9, 1961, for an upset stomach, and again on July 26, 1961, as the result of a fracture of the right forearm, the total of these hospital and medical expenses being the sum of $787.45.

The appellant refused to pay this amount since, it contends, the said policies of insurance were obtained through misrepresentation on the part of the insured, and had the defendant known the true health history of the plaintiff, the policies of insurance would never have been issued. The full amount of the premiums paid by the appellee was refunded to her and she was advised that such insurance policies were never in force and effect and declared them to be cancelled as of the date of their issuance.

At the conclusion of the plaintiff's testimony, the defendant moved the court for a peremptory instruction which was overruled. The defendant offered no proof on the trial other than that elicited by cross-examination and requested no further instructions, and from an ad-

verse judgment prosecutes this appeal assigning as error the following:

(1) The court below erred in overruling appellant's motion for a directed verdict in its favor.

(2) The court below erred in granting instructions 1 and 4 for the plaintiff.

We are of the opinion and so hold that neither of the assignments of error is well taken and that the case should be affirmed.

■■ ■ Mississippi Code Annotated section 5687-05(c) (1956) in regard to the application for accident and health insurance provisions as follows: "The falsity of any statement in the application for any policy covered by this Act may not bar the right to recovery thereunder unless such false statement materially affected either the acceptance of the risk or the hazard assumed by the insurer." The provisions of this statute are applicable to the policies issued here since the applications attached thereto contain false statements or misrepresentations in that the three illnesses with subsequent hospitalizations were omitted from the applications. These omissions were not the act of the plaintiff prior to the issuance of the policies as she had no knowledge thereof; however, they became a part of her applications when she gained knowledge of them by inspection at the time the policies were accepted by her. This brings us to the primary questions presented by the case, and these are whether the misrepresentations materially affected either the acceptance of the risk or the hazard assumed by the insurer, and more specifically, who shall determine whether the misrepresentations materially affected either the acceptance of the risk or the hazard assumed by the insurer.

■■ ■ We are of the opinion that this issue should be determined by the jury. In *National Casualty Co. v. Johnson*, 219 Miss. 1, 7, 67 So. 2d 865, 867 (1953) we

find the following: ". . . in the case at bar the parties have agreed that the falsity of the answers will bar a recovery only in the event they materially affect either the acceptance of the risk or the hazard assumed by the company . . . . Whether or not these previous ailments materially affected either the acceptance of the risk or the hazard assumed by the company was, in our opinion, a question of fact and an issue for the determination of the jury. Fidelity Mutual Life Insurance Co. v. Miazza, 93 Miss. 18, 46 So. 817; Fidelity Mutual Life Insurance Co. v. Miazza, 93 Miss. 422, 48 So. 1017 (Hn 3)." ██ The appellant offered no proof as to whether the omissions materially affected either the acceptance of the risk or the hazard assumed by the insurer, but relied solely upon the admission of the appellee to the effect that she knew the application blanks were false and insufficient and thereby was barred from recovery. The issue was therefore not submitted to the jury. We are of the opinion and so hold that the defendant, who relied upon the false statements as materially affecting the acceptance of the risk or the hazard assumed, had the burden of going forward with the proof as to this issue, and in the absence of so doing it cannot now complain of the verdict of the jury which was proper under the evidence adduced.

Since appellant does not pursue the assignment of error relating to the instructions obtained by appellant, neither do we.

Affirmed.

*Lee, C. J., and Ethridge, Rodgers and Inzer, JJ.,* concur.