INZER, Justice:
This is an appeal by Protective Life Insurance Company from a judgment of the Circuit Court of Pearl River County awarding appellee, A. L. Broadus, $3,200 as total disability benefits alleged to be due under the terms of a sickness and accident insurance policy issued by appellant.
The insurance contract was executed on July 24, 1963. On September 16, 1963, ap-pellee filed a claim for total disability benefits as provided in the policy. He alleged that he was disabled because of broncho-pneumonia with bronchitis and pulmonary emphysema. Appellant denied liability on the ground that the disease was contracted prior to the effective date of the policy. Appellee then brought this suit.
Appellant admits that the policy in question was in full force and effect at the time the suit was filed, but urges that the sickness or disease causing appellee’s disability was contracted, commenced and made manifest prior to the effective date of the policy and, under the express terms of the policy, was not covered thereby.
The pertinent provisions of the policy are as follows:
Monthly Indemnity Benefits for Total Disability
Upon receipt of due notice and satisfactory proof, as required herein, that the *926 Insured, while insured hereunder, shall have become totally disabled as a result directly and independently of all other causes, of an accidental injury or sickness, the Company will, subject to the terms of this Policy, pay beginning with the sixteenth day of such disability, the monthly indemnity benefit shown in the Schedule for the remainder of the period during which the Insured remains so totally disabled, provided, however, that (a) the period of payment for any one period of total disability shall in no event exceed sixty (60) months, and (b) no benefits shall be payable for any period of total disability during which the Insured is not under the direct care of a physician.
If a benefit is payable for a period of less than a month, the amount of such benefit shall be a pro rata portion of the monthly benefit.
Successive periods of total disability due to entirely dissimilar or unrelated causes shall be considered distinct periods of total disability.
Successive periods of total disability due to the same or related cause or causes shall be considered one period of total disability unless the subsequent period of total disability commences at least ninety (90) days following the return of the Insured to an occupation or employment for wage or profit.
Exclusions applicable to Monthly Indemnity Benefits for total disability are stated in the provision entitled “Exclusions.”
Under the paragraph on Definitions it is provided among other things: The term “sickness” means a sickness or disease contracted while this policy is in force.
The proof shows that appellee is disabled by severe pulmonary emphysema. His physician, Dr. W. F. Stringer, who had treated appellee for a number of years testified that as early as November, 1959, he found that appellee was suffering from emphysema. He stated that he made a positive pathological finding to that effect and that it was a fair assumption that he so advised appellee at the time. Dr. Stringer examined appellee again in November, 1960, in connection with an application for social security benefits, and found that appellee was then suffering from chronic bronchitis, bronchatisis, pulmonary emphysema and bronchial asthma. It was his opinion at that time that appellee was totally disabled. He examined appellee again on February 6, 1961, in connection with a welfare application, and at that time he found that appellee had severe pulmonary emphysema, and bron-chiatosis and was unable to work. Dr. Stringer examined appellee on several occasions subsequently and each time he found that appellee was suffering from severe pulmonary emphysema. He stated that this is a degenerative condition in which the lung loses some of its elasticity so that a person cannot breathe and expel as much air as he normally could. In other words, the lung will not draw up to force the air out properly: “He loses some of his pulmonary volume, he cannot breathe as deeply as normal.” He also stated that a person who had emphysema would continue to grow worse and that the underlying condition, the loss of elasticity of the lung, would persist. Ap-pellee testified that he had had asthma or bronchial trouble ever since he could remember, but did not know when the emphysema developed. He stated that he had worked as a carpenter until November, 1964, but had not done any work since that time. It is clear from the testimony that ap-pellee is suffering from pulmonary emphysema and that because of such sickness or disease he is disabled. However, it is equally clear from the evidence that the sickness or disease was contracted and became manifest prior to July 23, 1963, the date the insurance policy became effective and that, by the plain terms of the policy, this sickness is not covered by the policy.
Appellee urges that the primary question presented in this case is whether an insurance company can insure a man without a *927 physical examination, accept his premium, and then, when a claim is made for benefits under the policy, void the policy by claiming the disability resulted from a pre-existing condition. He relies upon the case of Reserve Life Insurance Company v. Brunson, 252 Miss. 20, 172 So.2d 571 (1965) wherein we held that where an insurance company seeks to avoid a health and accident policy because of false statements in the application, it has the burden, under Mississippi Code 1942, section 5687-05 (1956), to show that such statements had ih fáct been relied upon and materially affected either the acceptance or the risk. Although one of the defenses imposed in the instant case is that appellee had made false statements as to the condition of his health in the application, the insurance company did not rely upon this defense, but chose rather to rely upon the defense that the sickness causing the disability was not covered by the terms of the policy. As heretofore stated, appellant admits that the policy was in force at the time the claim was made but maintains that the sickness causing the disability was contracted and made manifest prior to the date of the policy. Therefore the law announced in Brunson has no application in this case.
In Mutual of Omaha Insurance Company v. Walley, 251 Miss. 780, 171 So.2d 358 (1965), we stated this Court was committed to the general rule stated in 29A Am.Jur. Insurance § 1156 (1960) as follows:
“Provisions Relation to Inception of Sickness, Disease, or Disability
Some insurance policies covering sickness and hospitalization exclude or limit liability in case of a disease originating before a certain time stated in the policy. Such clauses are valid and enforceable. In accordance with the general rule that in determining what losses are covered by disease or sickness insurance, uncertain or ambiguous provisions will be construed most favorably to the insured, the illness, disease, or disability will ordinarily be deemed to have its inception when it first becomes manifest or active or when there is a distinct symptom or condition from which one learned in medicine can with reasonable accuracy diagnose the disease, so that recovery can be had even though the infection or disease germs were present in the body prior to the expiration of the excluded period, if they were latent, inactive, and perhaps not discoverable.” See also 45 C.J.S. Insurance § 893.
Inasmuch as the policy here in question had not been in force for two years (actually it had been in force less than sixty (60) days), the insurance company could rely on the defense that the sickness or disease became manifest or active prior to the effective date of the pólicy. Since the proof is conclusive that the disability of ap-pellee was caused by sickness or disease contracted, commenced and made manifest prior to the effective date of the policy, the trial court was in error in refusing to grant appellant’s request for a peremptory instruction. For this reason this case must be reversed and a judgment entered here in favor of appellant.
Reversed, judgment here for appellant.
ETHRIDGE, C. J., and JONES, BRADY and ROBERTSON, JJ., concur.