275 So.2d 77 (1973)
INSURANCE COMPANY OF NORTH AMERICA, a corporation
v.
Frances G. RAY.
No. 47002.
Supreme Court of Mississippi.
March 19, 1973.
Rehearing Denied April 9, 1973.
*78 M.M. Roberts, Hattiesburg, for appellant.
Holmes & Dukes, Hattiesburg, for appellee.
ROBERTSON, Justice:
Appellant, Insurance Company of North America, appeals from the judgment of the Circuit Court of Forrest County in favor of appellee, Mrs. Frances G. Ray, for $4,200.00, which judgment was based on a jury verdict for that amount.
The appellee sued the appellant on a certificate of sickness and accident insurance issued to appellee by the appellant under a group insurance policy issued by the appellant to National Federation of Business and Professional Women's Clubs.
The certificate of insurance became effective on December 1, 1968. The facts are undisputed that Mrs. Ray did not see, consult or communicate in any way with a doctor during the period from December 3, 1968, to January 26, 1970. However, during this period she did continue to have prescriptions for hypertension, menopausal symptoms, nervousness and arthritis, refilled. Some of these prescriptions were prescribed as far back as 1961. All could be refilled without limit and without the necessity of checking with the prescribing doctor. The refilling of these prescriptions and the actual taking of these pills were left entirely to Mrs. Ray's good judgment and discretion. One of these prescriptions was to help her on a temporary overweight problem.
The sickness or disease which totally disabled her was not positively diagnosed until August, 1970, when she was put in the hospital for lung congestion and cardiovascular disease. At that time, extensive x-rays were made. Dr. Willis Walker, appellee's physician and surgeon, described her final disabling disease in this way:
"Well the basic arthritic problem of Mrs. Ray is that she has degenerative disease of both hips. The heads of the femur, which is the bones in the thigh, and both of her hip joints are completely degenerated. She is actually walking on the shaft of the bone and not the head of the bone as nature intended."
Appellant has assigned five errors that it contends the court committed on the trial of this case. Four of the errors assigned boil down to what constitutes "medical advice or treatment," under this language of the policy:
"`Pre-existing condition' as used herein means a condition for which medical advice or treatment was rendered or recommended by a legally qualified physician or surgeon within twelve months immediately prior to the effective date of the Insured's coverage under the policy. Following the effective date of an Insured's coverage a condition shall cease to be considered pre-existing when a period of twelve consecutive months has elapsed during which the Insured has received no medical advice or treatment for such condition." (Emphasis added).
It is, of course, undisputed that appellee did not see, consult or communicate with a doctor from December 3, 1968, to January 26, 1970, a period of almost fourteen months. As to any "medical advice" or "medical treatment" during this fourteen month period, Dr. Walker testified:
"Q Dr. Walker, from December the 3rd, 1968 until January 26th, 1970, professionally in any way, shape, form or fashion, did you see this lady?
"A No, I did not.
......
"Q Do your records reflect whether or not from December 3rd, 1968 until January 26th, 1970 you prescribed any form of medication for her?
"A I don't have any record of having treated her during this period." (Emphasis added).
Both appellant and appellee contend that the words "medical advice or medical treatment" should be given their ordinary and commonly accepted meaning. The appellant further contends that it was up to the court, and not to the jury, to say what these words mean.
Of course, the insurance contract itself limits the "medical advice or treatment for such condition" to the preceding "period of twelve consecutive months". Medical advice or treatment received before the preceding twelve months' period is not proscribed by the contract. In giving advice or treatment during the preceding twelve months there must necessarily be some kind of communication between doctor and patient. Yet Dr. Walker himself testified that he did not treat, see, consult, talk over the *79 telephone with, or communicate in any way with Mrs. May for fourteen consecutive months, i.e., from December 3, 1968 to January 26, 1970.
If "medical advice or treatment" be vague and ambiguous language, it must be remembered that the insurer prepared the contract and inserted these words therein. The general rule of construction that any vague and ambiguous language of a contract is construed more strictly against the drawer or preparer of the contract is so well known as to require no citation of authority.
If it be admitted that the words "medical advice or treatment" were for the court, and not the jury, to construe, the appellant has suffered no disadvantage by submitting this question to the jury, because the plaintiff-appellee was entitled to a peremptory instruction. The jury reached the same result on its own.
Being of the opinion that plaintiff was entitled to a peremptory instruction, the other assignment of error that the court erred in refusing to grant certain instructions for the defendant becomes moot.
The judgment of the circuit court is, therefore, affirmed.
Affirmed.
RODGERS, P.J., and INZER, WALKER and BROOM, JJ., concur.