**W. H. NALL, Plaintiff-Appellant,**

v.

**AMERICAN HOME ASSURANCE COMPANY, Defendant-Appellee.**

No. 73–2281
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

Nov. 6, 1973.

---

* Rule 18, 5 Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5 Cir., 1970, 431 F.2d 409, Part I.

D. Wayne Childress, W. Borden Strickland, Mobile, Ala., for plaintiff-appellant.

Broox G. Holmes, Norman E. Waldrop, Jr., Mobile, Ala., for defendant-appellee.

Before WISDOM, AINSWORTH and CLARK, Circuit Judges.

PER CURIAM:

An Alabama statute provides that misrepresentation by the insured on an application for an insurance policy may serve as a reason to void the policy only if the misrepresentation is made "with actual intent to deceive" or if "the matter misrepresented increased the risk of loss".[1] The sole issue on appeal in this diversity case is whether the district court properly granted the defendant insurance company's motion for a judgment notwithstanding the verdict on the ground that the defendant had voided the plaintiff's insurance policy within the constrictions of the above Alabama statute. The plaintiff failed to indicate in his application for disability insurance that he suffered from "chronic brain syndrome". Because we hold that the evidence clearly established that the plaintiff's illness increased the risk that he would become disabled, we affirm.

The plaintiff-appellant, W. H. Nall, suffered from a nervous disorder known as "chronic brain syndrome", apparently stemming from severe brain injuries sustained in an automobile accident in 1951. His condition became so pronounced that in September 1964 he was discharged from the Air Force and given a 100-percent disability allowance. During the next four years he spent twenty-six months in hospitals due to

---

1. Ala.Code title 28, § 6 (1958). The provision reads in full:

   "No written or oral misrepresentation, or warranty therein made, in the negotiation of a contract or policy of insurance, or in the application therefore, or proof of loss thereunder, shall defeat or void the policy, or prevent its attaching, unless such misrepresentation is made with actual intent to deceive, or unless the matter misrepresented increased the risk of loss."

Since the events relevant to this case, the Section has been updated. See Ala.Code title 28A, § 320 (Supp.1971) [effective January 1, 1972]. Section 6 is in the alternative. The insurer may prove either deceit or increase in risk; he need not prove both. Liberty National Life Ins. Co. v. Trammell, 1949, 255 Ala. 1, 236, 51 So.2d 174, 176.

his chronic brain syndrome. From October 1968 until the time of trial in January 1973, Nall was under daily medication for his nervous condition. His doctor, in the sole medical testimony at trial, testified that chronic brain syndrome is incurable and debilitating.

In April 1970 Nall purchased a home and mortgaged it through Cobbs, Allen and Hall Mortgage Company. The mortgage company mailed to Nall an application for coverage under a group mortgage protection plan underwritten by American Home Assurance Company, the defendant-appellee. Under the plan Nall's mortgage payments would be paid by American in the event that he became disabled due to illness or injury. Nall completed the application, checking a block to indicate, "No, I have not been treated for Heart Disease, Diabetes, Lung Disease, or Nervous Disorders". He also indicated that he was in good health and was employed actively at least twenty-five hours a week. Nall signed the application and mailed it to the mortgage company, which after examining the application sent Nall a certificate of insurance. American, the actual insurer, never examined Nall's application.

Nall ceased work in February 1972 and made claim to American under the disability policy. American refused to pay the claim, and Nall sought to have American's liability established by a declaratory judgment in federal court. The district court found as a matter of law that Nall misrepresented his health in the application. This finding is not contested here. The court submitted two questions to the jury: was the misrepresentation made with the intent to deceive, and did it increase the risk of loss to American? After the jury answered both in the negative, the court granted the defendant's motion for a judgment n.o.v. Nall contends on appeal that his illness did not increase the risk of loss and that, in any event, the defendant issued the insurance policy in question without relying on the misrepresentation in the application.

Neither of these contentions has merit. The evidence at trial was uncontradicted that Nall's illness was permanent and debilitating. Because of it, Nall was given a medical discharge from the Air Force and a permanent and total disability allowance. When he completed his application for disability insurance in April 1970, he had worked no more than thirteen months since 1963; he had spent twice that amount of time in hospitals. We find that the evidence established beyond serious dispute that Nall's disease increased substantially the possibility that serious illness would prevent him from maintaining gainful employment during the term of the policy. Turning to Nall's second contention, the evidence established that when Cobbs, Allen and Hall received a "clean" application—one without any indication of illness or unemployment—that company issued a certificate of insurance, underwritten by American. Applications noting medical problems were forwarded to American where, without further inquiry, applications reflecting a history of nervous disorders, diabetes, or heart or lung disease were rejected. American, therefore, not only relied on the truthfulness of the information provided by an applicant, its entire system depended upon it. The evidence was uncontroverted that had Nall completed the application accurately, it would have been forwarded to American and summarily rejected.

We fail to find any conflict in "substantial evidence", Boeing Co. v. Shipman, 5 Cir., 1969, 411 F.2d 365, 375 (en banc), that Nall suffered from chronic brain syndrome at the time he applied for insurance from American, that this illness increased the risk that he would become disabled during the term of the policy, and that had he not misrepresented his health his application for insurance would have been denied. See Metropolitan Life Ins. Co. v. Dixon, 1933, 226 Ala. 603, 148 So. 121, 122.

See also New York Life Ins. Co. v. Zivitz, 1942, 243 Ala. 379, 10 So.2d 276; New York Life Ins. Co. v. Horton, 1938, 235 Ala. 626, 180 So. 277. The judgment is

Affirmed.