**DEPOSIT GUARANTY NATIONAL BANK, Administrator C.T.A. of the Estate of Charles Edward Flynn, Deceased, Plaintiff,**

v.

**The MINNESOTA MUTUAL LIFE INSURANCE COMPANY, Defendant.**

**Civ. A. No. 72J–184(N).**

United States District Court,
S. D. Mississippi,
Jackson Division.

Nov. 16, 1973.

Natie P. Caraway, Wise, Carter, Child, Steen & Caraway, Jackson, Miss., for plaintiff.

Louis G. Baine, Jr., Wells, Gerald, Brand, Watters & Cox, Jackson, Miss., for defendant.

## MEMORANDUM OPINION ON MOTION FOR SUMMARY JUDGMENT

NIXON, District Judge.

Plaintiff filed this diversity action on a certificate of participation issued to Charles Edward Flynn, deceased, under Group Policy No. 371801–G, which the defendant, The Minnesota Mutual Life Insurance Company, had issued to the First Federal Savings & Loan Association of Jackson, Mississippi. Under the Group Life Policy, borrowers from First Federal were permitted to obtain mortgage life insurance at standard rates.

The deceased, Mr. Flynn, executed his application for this coverage on November 21, 1969. In this application, which is made a part of the policy (Exhibit 1 to the defendant's Motion for Summary Judgment), the deceased answered the following two questions in the negative: "(1) Do you know of any impairment now existing in your health or physical condition?" "(2) Have you consulted a physician for any illness during the last three years?".

After receiving the application, a Certificate of Participation dated December 15, 1969 was issued by the defendant naming Charles Edward Flynn as an insured to the extent of his loan with First Federal. Thereafter, Mr. Flynn died on October 13, 1970, approximately ten months after the issuance of the certificate. The policy contained a two year incontestibility provision which permitted the defendant-insurer to contest coverage during the first two years of the policy if it is determined that the applicant had in fact made false statements in his written application. The defendant has denied coverage based on what it contends to be false answers to the preceding two questions alleging that they constituted untrue positive statements of facts material to the risk, and which, if answered truthfully, would have resulted in the company not having insured the deceased.

After this suit was filed, the defendant moved for summary judgment alleging that there are no disputed material issues of fact and that it is entitled to a judgment as a matter of law.

It is well settled that an incontestibility provision such as that contained in the policy in question is valid under Mississippi law. Donaldson v. Life and Casualty Ins. Co. of Tenn., 239 Miss. 635, 124 So.2d 701, 704 (1960); Standard Life Insurance Company v. Baldwin, 199 Miss. 302, 24 So.2d 360 (1946).

At the time that he executed the application in question and at the time of his death, Charles Edward Flynn was Chief of the Contact Division of the Veterans Administration with offices in the Veterans Administration Center in Jackson, Mississippi. He had a cardiovascular condition known as "essential hypertension" or high blood pressure, for which he had consulted Dr. Leo Elson, a cardiologist at the Veterans Administration Hospital in Jackson on eight separate occasions in the thirteen months preceding the date of the application, including two visits in the five week period immediately prior to the filing of the application. Dr. Elson advised the plaintiff of the nature of his illness and placed him on Reserpene, an anti-hypertensive drug on which he remained during the thirteen months prior to and at the time the application was executed. On one or two occasions the plaintiff had discontinued taking the drug with the resultant elevation of his blood pressure, requiring him to resume taking the Reserpene. The doctor testified that plaintiff's illness was permanent and that he was seeing and treating him for a cardiovascular condition which produced his high blood pressure, all of which he advised Mr. Flynn, in addition to advising him of the necessity for his continuing to take the antihypertensive medication for his illness. It is the doctor's opinion that at the time that he was treating him, the deceased had suffered two myocardial infarcts and had arteriosclerosis. These facts are without dispute.

The plaintiff filed an affidavit of Mr. Robert Upchurch, Chief Attorney for the Veterans Administration Center in Jackson, Mississippi in opposition to the Motion for Summary Judgment. Mr. Upchurch, an attorney, stated that Mr. Flynn appeared to be in excellent health and never complained of anything other than a minor cold; that he never indicated he had any type of affliction or condition, including high blood pressure; that he worked regularly during the years 1968–1970; and that it was customary for doctors at the V. A. Center to treat the employees "for small minor complaints or in an emergency situation" which was done on an informal routine basis at the convenience of the person being treated, rather than the doctor giving the employee a specified appointment. This affidavit of Mr. Upchurch, which is considered true in all respects, does not contain any material facts disputing any of the foregoing deposition testimony of Dr. Elson.

The undisputed affidavit of Russell C. Roepke, Manager of the defendant's Group Underwriting Department (Exhibit 4 to Motion for Summary Judgment), establishes that if Mr. Flynn had disclosed in his application that he had been treated by Dr. Elson for high blood pressure, the defendant would have contacted the doctor and learned the information contained in his deposition which would have definitely resulted in its declining to issue the policy in question.

■ Under Mississippi law, if an applicant for insurance undertakes to make a positive statement of a fact material to the risk, such fact must be true, and it is not sufficient that he believes it to be true; otherwise, the insurance contract procured by such misrepresentation or concealment of material facts may be aborted by the insurer, particularly if the company would not have issued the policy had it known the truth. Prudential Insurance Company of America v. Russell, 274 So.2d 113, 116 (Miss. 1973); Donaldson v. Life & Casualty Ins. Co. of Tenn., *supra*, at p. 704 of 124

So.2d; Coffey v. Standard Life Insurance Company of the South, 238 Miss. 695, 120 So.2d 143, 148–149 (1960); Mutual Benefit Health & Acc. Ass'n of Omaha v. Moor, 238 Miss. 835, 120 So.2d 439 (1960); Fidelity Mutual Life Ins. Co. v. Miazza, 93 Miss. 18, 46 So. 817 (1908).

Plaintiff's reliance on Insurance Company of North America v. Ray, 275 So. 2d 77 (Miss.1973), reh. den., is misplaced.

■ Under the undisputed facts of this case, there is no conflict in the evidence that Mr. Flynn was knowingly suffering from essential hypertension when he applied for the insurance in question; that he had been referred to Dr. Elson by another member of the staff for treatment of his permanent illness; that he repeatedly visited Dr. Elson on a regular basis for treatment which numbered eight times in the thirteen months preceding the date of the application, including two visits in the five week period prior thereto; that Dr. Elson placed him on Reserpene, an anti-hypertensive drug which he was still taking at the time he applied for the policy in question; that the doctor fully advised Mr. Flynn of the nature and seriousness of his illness and the necessity for continuing his medication; that this illness materially increased the risk insured against; that Mr. Flynn falsely answered the foregoing two questions contained in his application for insurance; and if there had been a truthful and full disclosure on the part of the deceased concerning his illness, which constituted an impairment, or that he had "consulted a physician for any illness during the last three years preceding the filing of the application", that the defendant would not have issued the policy in question. See Nall v. American Home Assurance Company, 486 F.2d 298 (5th Cir., 1973).

Therefore, under the test established in Boeing Co. v. Shipman (5th Cir. 1969), 411 F.2d 365, 375 (en banc), and

its progeny, the defendant is entitled to and will be granted a Summary Judgment which shall be presented to this Court within the time and within the manner prescribed by the Rules hereof.