**Gary DUKES and Thomas E. Barber, d/b/a D & B Dozer, Plaintiffs,**

v.

**SOUTH CAROLINA INSURANCE COMPANY, Defendant.**

Civ. A. No. J82–0588(B).

United States District Court, S.D. Mississippi, Jackson Division.

Aug. 16, 1984.

Eugene C. Tullos, Tullos, Tullos & Tullos, Raleigh, Miss., Crymes G. Pittman, Robert G. Germany, Cothren & Pittman, Jackson, Miss., for plaintiffs.

David W. Dogan, III, C. Greg Copeland, Heidelberg, Woodliff & Franks, Jackson, Miss., for defendant.

ORDER AND MEMORANDUM OPINION

BARBOUR, District Judge.

This cause is before the court on a Motion for Summary Judgment and a Motion

to strike Responses to Request for Admissions, both filed by Defendant. Gary Dukes and Thomas E. Barber, d/b/a D & B Dozer, filed a Complaint in the Circuit Court of Smith County, Mississippi, on October 19, 1982. This action sought to recover under an insurance policy issued by the Defendant, South Carolina Insurance Company. The insurance policy in the face amount of $40,000.00 and was issued on March 24, 1982, to insure a 1971 model crawler tractor, Serial No. 76A3035, Model D–6C. In May of 1982, this tractor was totally destroyed by fire. Shortly thereafter the present lawsuit was filed in State Court and subsequently the Defendant, South Carolina Insurance Company, removed this action to federal district court. The Plaintiffs are Mississippi residents and the Defendant is a nonresident insurance company licensed in the State of Mississippi. Removal of this action was based on complete diversity between all of the Plaintiffs and the Defendant.

The Defendant's Motion for Summary Judgment is based on the fact that this tractor was actually manufactured in 1965 instead of 1971 as it is indicated on the policy of insurance. The insurance company has clearly defined guidelines as shown by the affidavits in support of this Motion and which remain uncontroverted, that they do not issue insurance policies on tractors manufactured twelve years or more prior to the date of insurance. The Defendant contends that it is entitled to a judgment as a matter of law based on the facts which are either uncontroverted or admitted by the Plaintiffs.

## MOTION TO STRIKE

Before addressing the merits of the Motion For Summary Judgment a preliminary matter must be disposed of. The Plaintiffs answered the Request for Admissions propounded by Defendant approximately six months after the request had been made and after Defendant's Motion for Summary Judgment had been filed. Two of these admissions may be instrumental in the disposition of this Motion. Defendant moves to strike the Responses to the Requests for Admission. It is, therefore, necessary that this Court address the application of Rule 36 of the Federal Rules of Civil Procedure which reads in pertinent part:

(a) **Request for Admission.** A party may serve upon any other party a written request for the admission, for purposes of pending action only, of the truth of any matters within the scope of Rule 26(b) set forth in the request that relate to statements or opinions of fact or of the application of law to fact, including the genuineness of any documents · described in the request.... Each matter of which an admission is requested shall be separately set forth. *The matter is admitted unless, within 30 days after service of the request, or within such shorter or longer time as the court may allow, the party to whom the request is directed serves upon the party requesting the admission a written answer or objection addressed to the matter, signed by the party or by his attorney,*
....

(b) **Effect of Admission.** Any matter admitted under this rule is conclusively established unless the court on motion permits withdrawal or amendment of the admission. Subject to the provisions of Rule 16 governing amendment of a pretrial order, the court may permit withdrawal or amendment when the presentation of the merits of the action will be subserved thereby and the party who obtained the admission fails to satisfy the court that withdrawal or amendment will prejudice him in maintaining his action or defense on the merits.

Requests for admission Number 1 and Number 7 are important to Defendant's Motion for Summary Judgment. Request Number 1 sought admission that the tractor was manufactured in 1965 and was admitted by Plaintiffs in their responses, thus eliminating any question of fact as to that issue. Request Number 7 was as follows:

That the Plaintiffs, individually or collectively, represented to Troy Davis that the

subject Caterpillar Crawler Tractor Model D6C was a 1971 model.

This request was denied by Plaintiffs in their Responses, but if it is deemed admitted under Rule 36 would form the basis for granting summary judgment.

Plaintiffs filed a Memorandum of Authorities opposing Defendant's Motion to Strike in which they never attempt to argue or show why they failed to respond timely to Defendant's Requests for Admissions. Plaintiffs' position is that the Defendant would not be prejudiced by the Court's letting Plaintiffs respond out of time.

The Court notes first that earlier in the history of this case Defendant filed interrogatories on January 24, 1983, which were not answered by Plaintiffs until June 29, 1983, after Defendant had filed its Motion to Compel on June 21, 1983. Thus the failure to respond timely to the Requests for Admissions was Plaintiffs' second failure in this case to follow the requirements of the Federal Rules of Civil Procedure in making timely response to discovery requests.

In view of this history and under Rule 36, Defendant had every right, first, to assume that Plaintiffs did not believe in their own claims and, second, to file its Motion for Summary Judgment based on Requests for Admissions Numbers 1 and 7 being taken as admitted. Defendant relied on these procedural rules and has had the expense to its prejudice of presenting its motions. In addition, if the Court permits "withdrawal or amendment of the admission," the Defendant will be prejudiced by having to prepare for and undergo trial at considerable unrecoverable expense to it. *Weva Oil Corp. v. Belco Petroleum Corp.* 68 F.R.D. 663 (W.D.Va.1975); *Goodman v. Neff,* 251 F.Supp. 562 (1966).

The Plaintiffs have been evasive and dilatory throughout the pendency of this cause. Such conduct has prejudiced Defendant and Plaintiffs should bear the consequences of their actions. The expense of federal court litigation is a concern to everyone and this case is an example of a Plaintiff causing needless expense to the Defendant.

If Requests for Admissions Number 1 and 7 are deemed admitted under Rule 36, there is no genuine issue of material fact left as to the defense asserted in this case. Defendant's Motion to Strike should be granted and it follows that its Motion for Summary Judgment would thereupon be well taken and should be granted.

This Court is aware of the notes of Advisory Committee on Rules following Rule 36(b) which states:

> Provision is made for withdrawal or amendment of an admission. This provision emphasizes the importance of having the action resolved on the merits, while at the same time assuring each party that justified reliance on an admission in preparation for trial will not operate to his prejudice.

Even if the Court is in error in the application of Rule 36 to the facts in this case, the Motion for Summary Judgment must still be granted under the applicable law of Mississippi.

## MOTION FOR SUMMARY JUDGMENT

[1] The Mississippi Supreme Court stated the general rule regarding misstatements of material facts in applications for insurance policies in 1908 in *Fidelity Mutual Life Insurance Company v. Miazza,* 93 Miss. 18, 46 So. 817 (1908) stating:

> It is the universal rule that any contract induced by misrepresentation or concealment of material facts may be avoided by the party injuriously affected thereby. If the applicant for insurance undertakes to make a positive statement of a fact, if it be material to the risk, such fact must be true. It is not sufficient that he believes it true, but it must be so in fact, or the policy will be avoided. Provided, always, that the misstatement be about a material matter. If the applicant is not informed as to any question asked in the application, he should so state, and there can then be no misrepresentation.

*Maizza,* 93 Miss. at 20, 46 So. at 819.

Apparently, this general rule of construction regarding misstatements of material

facts in applications for insurance has not changed. *See Colonial Life & Accident Insurance Co. v. Cook,* 374 So.2d 1288, 1292 (Miss.1979); *Tolar v. Bankers Trust Savings & Loan Association,* 363 So.2d 732, So. 35 (Miss.1978); *Prudential Insurance Co. of America v. Estate of Russell,* 274 So.2d 113, 116 (Miss.1973); *Casualty Reciprocal Exchange v. Wooley,* 217 So.2d 632, 635 (Miss.1969); *Reserve Life Insurance Co. v. Brunson,* 252 Miss. 20, 172 So.2d 571 (1965); *Coffey v. Standard Life Insurance Co.,* 238 Miss. 695, 120 So.2d 143, 149 (1960); *World Insurance Co. v. Bethea,* 230 Miss. 765, 93 So.2d 624 (1957); *National Casualty Co. v. Johnson,* 219 Miss. 1, 67 So.2d 865, 867 (1953). There are some cases which have interjected the element of intent on the part of the applicant, *see, Gardner v. Wilkinson,* 643 F.2d 1135, 1136 n. 3 (5th Cir.1981); *Apperson v. United States Fidelity and Guaranty Co.,* 318 F.2d 438, 441 (5th Cir.1963), however this has not been in any way uniformly applied. *See Trawick v. Manhatten Life Insurance Co. of New York,* 447 F.2d 1293, 1294 (5th Cir.1971); *Deposit Guaranty National Bank v. Minnesota Mutual Life Insurance Co.,* 369 F.Supp. 8, 10 (S.D.Miss. 1973). Because of the confusion which apparently exists in regard to the element of intent this Court must follow what it perceives as the rule established by the Mississippi Supreme Court as this Court is *Erie* bound. That rule is the one quoted above from the Mississippi Supreme Court case which clearly holds that there is no intent required. This case does not involve the distinction between representations and warranties.

The Defendants have paid $900.00 into the registry of this Court, which sum represents the premiums paid for the policy of insurance at issue in this law suit. Accordingly, no basis for a waiver or estoppel has been formed. It is uncontroverted that the insurance company would not issue a policy on a tractor which was in excess of 12 years old as this one was at the time the policy was issued. Therefore, it is accordingly uncontradicted that the fact that the tractor was in excess of 12 years old was a material fact which had the insurance company known the truth would have caused the insurance company not to issue the policy upon which the Plaintiff sues.

■ Even if the Plaintiffs are not deemed to have admitted through the operation of Rule 36 that they told the insurance agent that the tractor was a 1971 model when in fact it was a 1965 model, neither have the Plaintiffs come forward with any affidavit or other indication to contradict and place at issue the statement by the insurance agent in his affidavit that the Plaintiff told him it was a 1971 model tractor. Because this goes uncontradicted, pursuant to Rule 56 of the Federal Rules of Civil Procedure it is eminently apparent that summary judgment is appropriate in this case. A party may not rest on the pleadings alone but must come forward with some showing that proof will be forthcoming at trial raising an issue of fact to justify a trial. In this instance the pleadings do not even raise this issue.

■ Because no genuine issue of a material fact remains, the Plaintiff's suit must fail in that the policy of insurance should be declared void *ab initio.* This is simply a general principal of contract law which the special nature of insurance contracts does not alter. The parties entered into this contract under a mistake of fact. Had that mistake been shown the insurance company would not have written the policy. Whether the fact was intentionally or unintentionally misstated by the Plaintiffs is unimportant.

In accordance with the above opinion this Court hereby grants summary judgment to the Defendant, South Carolina Insurance Company, declaring that the insurance policy covering the tractor which is the subject of this litigation is void and of no effect. Furthermore, summary judgment is granted denying any relief to the Plaintiffs.

By separate document in accordance with Rule 58 of the Federal Rules of Civil Procedure, judgment will be entered pursuant to this Order and Memorandum Opinion granting the Motion for Summary Judg-

ment requested by the Defendant in this action and directing the Clerk of this Court to pay the premium of $900.00 from the registry of the Court to Plaintiffs.